# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| John Christopher Smith, ) | CASE NO. 4:15-CV-04612-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER** |
| ) | |
| Ernest J. Edwards, individually, ) | |
| Bobby Paul Edwards, individually, ) | **JURY TRIAL DEMANDED** |
| and Half Moon Foods, Inc. d/b/a J&J ) | |
| Cafeteria, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Defendants, **Ernest J. Edwards, individually and Half Moon Foods, Inc. d/b/a J&J Cafeteria,** answering the Complaint of the Plaintiff, would respectfully show as follows:

1.      These Defendants deny the allegations of Paragraph No. 1 of the Plaintiffs' Complaint and would further state that the parties are citizens and residents of Horry County, South Carolina and as a result this matter should be more properly brought in State Court.

2.      These Defendants deny the allegations of Paragraph No. 2 of the Plaintiff's Complaint.

3.      These Defendants admit the allegations of Paragraph No. 3 but would further state that the Plaintiff is a citizen and resident of Horry County, South Carolina.

4.      These Defendants admit the allegations of Paragraph No. 4 of the Plaintiff's Complaint.

5.      These Defendants admit the allegations of Paragraph No. 5, 6, 7 and 8 of the Plaintiff's Complaint.

6.      These Defendants deny the allegations of Paragraph No. 9 and would further state that this is a matter which should be brought in State Court.

7. These Defendants deny the allegations of Paragraph No. 10 of the Plaintiff's Complaint.

8. These Defendants admit so much of Paragraph No. 11 which states that the Plaintiff is an African-American male who was formerly employed at J&J Cafeteria. The remaining allegations of Paragraph No. 11 are denied.

9. These Defendants admit the Plaintiff lived in an apartment behind Defendants' cafeteria, however, Defendant is not sure as to number of years and accordingly that part of Paragraph No. 12 is denied.

10. These Defendants admit the allegations of Paragraph No. 13 and 14 of the Plaintiff's Complaint..

11. These Defendants deny the allegations of Paragraph No. 15 and demand strict proof therein.

12. These Defendants admit so much of Paragraph No. 16 which states that Plaintiff worked there, however, Defendants are unsure as to how long he worked there.

13. These Defendants admit so much of Paragraph No. 17 which states that Defendant Bobby Edwards is the current manager of the Defendant Cafeteria. The remaining allegations of Paragraph No. 17 are denied and strict proof is demanded thereof.

14. These Defendants do not have sufficient information and belief to answer the allegations of Paragraph No. 18 as to the working hours. These Defendants specifically deny that the Plaintiff was not given any breaks. These Defendants further deny the other allegations of Paragraph No. 18 and request strict proof thereof.

15. These Defendants deny the allegations of Paragraph No. 19 and demand strict proof thereof.

16. These Defendants admit so much of Paragraph No. 20 which states that Plaintiff lived in an apartment behind the Defendant Cafeteria. These Defendants deny the remaining allegations of Paragraph No. 20 of the Plaintiff's Complaint.

17. These Defendants deny the allegations of Paragraph No. 21 and demand strict proof thereof.

18. These Defendants deny the allegations of Paragraph No. 22 and demand strict proof thereof.

19. These Defendants do not have sufficient information and belief to answer the allegations of Paragraph No. 23 and accordingly deny those allegations.

20. These Defendants do not have sufficient information and belief to answer the allegations of Paragraph No. 24 and accordingly deny those allegations.

21. These Defendants deny the allegations of Paragraph No. 25 and demand strict proof thereof.

22. These Defendants deny the allegations of Paragraph No. 26 and demand strict proof thereof.

23. These Defendants deny the allegations of Paragraph No. 27 and demand strict proof thereof.

24. These Defendants deny the allegations of Paragraph No. 28 and demand strict proof thereof.

25. These Defendants deny the allegations of Paragraph No. 29 and demand strict proof thereof.

26. These Defendants deny the allegations of Paragraph No. 30 and demand strict proof thereof.

27. These Defendants admit so much of Paragraph No. 31 which states that the Conway Police came to the restaurant on or about October 10, 2014. The remaining allegations of Paragraph No. 31 are denied and these Defendants demand strict proof thereof.

28. These Defendants deny the allegations of Paragraph No. 32 and demand strict proof thereof.

29. These Defendants deny the allegations of Paragraph No. 33, 34, 35, 36, 37, 38 and 39 of Plaintiff's Complaint.

30. These Defendants deny the allegations of Paragraph No. 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54 of Plaintiff's Complaint.

31. These Defendants deny the allegations of Paragraph No. 55, 56, 57, 58, 59 and 60 of Plaintiff's Complaint.

32. These Defendants deny the allegations of Paragraph No. 61, 62, 63, 64 and 65 of Plaintiff's Complaint.

33. These Defendants deny the allegations of Paragraph No. 66, 67, 68, 69, 70, 71, 72 and 73 of Plaintiff's Complaint.

34. These Defendants deny the allegations of Paragraph No. 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 84 and 86 of Plaintiff's Complaint.

35. These Defendants deny the allegations of Paragraph No. 87, 88, 89 and 90 of Plaintiff's Complaint.

36. These Defendants deny the allegations of Paragraph No. 91, 92 and 93 of Plaintiff's Complaint.

37. These Defendants deny the allegations of Paragraph No. 94, 95, 96 and 97 of Plaintiff's Complaint.

38. These Defendants deny the allegations of Paragraph No. 98, 99, 100, 101 and 102 of Plaintiff's Complaint.

39. These Defendants deny the allegations of Paragraph No. 103, 104, 105, 106, 107 and 108 of Plaintiff's Complaint.

40. These Defendants deny the allegations of Paragraph No. 109, 110 and 111 of Plaintiff's Complaint.

## FOR A SECOND DEFENSE

41. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

42. These Defendants plead the statute of limitations as a complete defense to any and all claims.

## FOR A THIRD DEFENSE

43. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

44. These Defendants plead the defense of comparative negligence in that if these Defendants were negligent, which is expressly denied, Plaintiff was negligent more than fifty percent and thus is barred as a matter of law from recovery.

## FOR A FOURTH DEFENSE

45. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

46. These Defendants plead the defense of improper party.

47. These Defendants claim the defense of improper party in that if the Plaintiff claims to be mentally challenged, that as a result these Defendants argue that Plaintiff is the improper party

to bring this Complaint if in fact the Plaintiff is mentally challenged and unable to handle his own affairs.

## FOR A FIFTH DEFENSE

48. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

49. These Defendants are informed and believe that Plaintiff was provided a place to live and that such was part of Plaintiff's pay.

50. Accordingly, Defendants are informed and believe that Plaintiff is estopped from bringing a payment of wage act violation when the parties had previously agreed that part of Plaintiff's payment would be the use of an apartment.

## FOR A SIXTH DEFENSE

51. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

52. These Defendants plead that a bonafide dispute exists regarding the imposition of treble damages based on the Plaintiff being offered and accepting a place to live, and accordingly, these Defendants argue that treble damages are inapplicable in this matter.

## FOR A SEVENTH DEFENSE

53. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

54. These Defendants are informed and believe that they are not vicariously liable for intentional acts committed by others and accordingly these Defendants are not liable for any assault and battery by another person.

### FOR AN EIGHTH DEFENSE

55. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

56. These Defendants plead the defense of consent in that the Plaintiff consented and accordingly there can be no false imprisonment.

### FOR A NINTH DEFENSE

57. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

58. These Defendants assert the defense of good faith.

### FOR A TENTH DEFENSE

59. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

60. These Defendants plead the defense of equitable estoppel.

### FOR A ELEVENTH DEFENSE

61. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

62. These Defendants plead the defense of intentional relinquishment by the Plaintiff of any ownership and/or right of possession of any of the property alleged to in the conversion cause of action.

### FOR A TWELFTH DEFENSE

63. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

64. These Defendants plead the defense of waiver and/or laches based on the Plaintiff's actions in this matter.

FOR A THIRTEENTH DEFENSE

65. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

66. These Defendants are informed and believe that if any of the allegations of the Plaintiff's Complaint are true, then such was a crime and accordingly there is no liability for conduct which amounts to a crime under the respondeat superior doctrine.

FOR A FOURTEENTH DEFENSE

67. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

68. These Defendants hereby plead the defense that the alleged actions of any Co-Defendant will be outside the scope of that Co-Defendant's official duties and accordingly there is no liability as a matter of law.

FOR A FIFTEENTH DEFENSE

69. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

70. The Defendants are informed and believe that 18 U.S.C. § 1589 does not provide for a private right of action and that 18 U.S.C. § 1589 is a criminal statute.

71. That accordingly, these Defendants are informed and believe that there is no private right of action under 18 U.S.C. § 1589.

FOR A SIXTEENTH DEFENSE

72. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

73. These Defendants plead the defense of intent in that these Defendants were unaware of the alleged activities stated in the Complaint, which are expressly denied, and that without intent by these Defendants any cause of action under 18 U.S.C. § 1589 would fail as to these Defendants.

## FOR A SEVENTEENTH DEFENSE

74. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

75. These Defendants denying the allegations of the Complaint would further state that even if those allegations were true, 18 U.S.C. § 1589 has not been violated since there was no threat of force or threat of physical restraint to the Plaintiff who freely travelled in the community at his convenience.

## FOR AN EIGHTEENTH DEFENSE

76. These Defendants reallege and reiterate each and every allegation as fully as if reincorporated herein.

WHEREFORE, having answered the Complaint of the Plaintiffs, these Defendants request that the Plaintiff's Complaint be dismissed, that Defendants have costs and attorney's fees and such other and further relief as is necessary and proper.

KELAHER, CONNELL & CONNOR, P.C.

*s/Gene M. Connell, Jr.*
Gene M. Connell, Jr. (Fed. I.D. No. 236)
The Courtyard, Suite 209
1500 U. S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Defendants Ernest J. Edwards and Half Moon Foods, Inc. d/b/a J&J Cafeteria**

January 28, 2016
Surfside Beach, South Carolina.

9