IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| John Christopher Smith, | ) | C/A No.: 4:15-cv-04612-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S RULE 26(F) REPORT** |
| v. | ) | **PURSUANT TO LOCAL RULE 26.03** |
| | **)** | |
| | ) | |
| Ernest J. Edwards, individually, | ) | |
| Bobby Paul Edwards, individually, and | ) | |
| Half Moon Foods, Inc., d/b/a J&J Cafeteria, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff John Christopher Smith, by and through the undersigned counsel, hereby files his Rule 26(f) Report pursuant to the Local Rule 26.03 for the United States District Court for the District of South Carolina.

## LOCAL CIVIL RULE 26.03 DISCOLSURES

(1)  A short statement of the facts of the case.

**RESPONSE:**

**Please see Plaintiff's well-plead complaint. Plaintiff worked at Half Moon Foods, Inc. d/b/a J&J Cafeteria under the threat of violence and physical assault by the manager of J&J Cafeteria. Plaintiff was not paid just compensation for the work performed at J&J Cafeteria. Plaintiff was not given access to any compensation that was reported as compensation to Plaintiff. Defendant Half Moon Foods, Inc., d/b/a J&J Cafeteria negligently, gross negligently, recklessly, and willfully and wantonly failed to supervise its**

**employee and manager allowing Plaintiff to suffer multiple injuries and harm pleaded in Plaintiff's complaint.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**Chief Gosnell**
**Officer Cavallini**
**Officer Jones**
**Officer Guyett**
**Sherry Johnson**
**Mary Teaste**
**Jonathan Christopher Smith**
**Emily Deberry**
**Bobby Paul Edwards**
**Charles W. Jackson, Ph. D.**
**Cyntha Hamilton, MSN, FNP**
**"Concerned Citizen"**

**The above-named witnesses are expected to testify to the facts contained in Plaintiff's well-pleaded complaint. The several officers and chief of Conway Police Department investigated and/ or were present for Department of Social Services' investigation, intervention, and rescue of Plaintiff from the premises of the Defendant restaurant. The Department of Social Services witnesses investigated the complaint of a vulnerable/ abused adult by a "concerned citizen." The DSS witnesses possess knowledge of the acts and omissions of Defendants that proximately caused Plaintiff's injuries. Ms. Deberry lived next door to Plaintiff and possesses direct knowledge of the conditions of work and living to which Plaintiff was subjected. The medical professionals have direct knowledge of the physiological and psychological injuries suffered by Plaintiff and proximately caused by Defendants.**

**Plaintiff will supplement his response within the deadlines of the scheduling order.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.

**RESPONSE: Plaintiff has not yet determined its expert witnesses. Plaintiff will supplement his response within the deadlines of the scheduling order.**

(4) A summary of claims or defenses with statutory and/or case citations supporting same.

**RESPONSE: The Plaintiff has filed fourteen causes of action which can be broken down into two categories: (1) South Carolina state law claims arising under South Carolina statutory and common law, and (2) Federal claims arising under and pursuant to federal statutes and private rights of action.**

**Defendant is liable to Plaintiff for all acts and facts that constitute the claim labeled slavery pursuant to Defendant's violations of 18 U.S.C. § 1589 wherein Defendant forced Plaintiff to perform labor under the threat of and actual infliction of violence. The Trafficking Victims Protection Reauthorization Act of 2003 (TVPA) creates a private right of action for persons who are victims of forced labor, peonage, slavery or involuntary servitude. 18 U.S.C. § 1595 (2005); 18 U.S.C. § 1589; 18 U.S.C. § 1590.**

**Defendant is liable to Plaintiff for all acts and facts that constitute Plaintiff's claim for Intentional Employment Discrimination pursuant to 42 U.S.C. § 1981. Defendant intentionally subjected Plaintiff to work-place discrimination because Plaintiff is African American. Defendants are non-Hispanic Caucasian men that own and manage Half Moon Foods, Inc. Defendant(s) used racial epithets – the "n-word" – to refer to Plaintiff throughout the course of Plaintiff's employ. Plaintiff was subjected to hostile working**

conditions and lack of pay because of his race. Non-African American employees of Half Moon Foods, Inc. were not subjected to the same treatment as Plaintiff.

Defendants are liable to Plaintiff for all acts and facts set forth that constitute Intentional Employment Discrimination based on Plaintiff's intellectual disability pursuant to 42 U.S.C. §12112. Defendants knew Plaintiff suffered from an intellectual disability and used his deficit to take advantage of Plaintiff. Defendants forced Plaintiff to work harsh hours without pay. Defendants did not remit wages earned by Plaintiff to Plaintiff. Defendants did not pay Plaintiff the wages earned because they thought they could get away with it due to Plaintiff's disability.

Defendants are liable to Plaintiff for all acts and facts set forth that constitute violations of the Fair Labor Standards Act. 29 U.S.C. § 201, et. seq. Minimum wage is set as $7.25 per hour by Federal law. 29 U.S.C. § 206. Defendants reported yearly wages approximating $2,842.00. Plaintiff worked approximately 90 hours per week for more than four years for Defendants. Plaintiff was not paid any overtime pay.

Defendants are liable to Plaintiff for all acts and facts set forth that constitute violations of the South Carolina Payment of Wages Act. S.C. Code Ann. § 41-10-10, et. seq. Similar to the facts set forth above for the violations of the Fair Labor Standards Act, Defendants failed to pay Plaintiff the wages that he actually earned during the course of his employ with Defendant. Defendants did not actually tender any money to Plaintiff for the labor performed at Half Moon Foods, Inc. Half Moon Foods, Inc. reported wages far below the actual wages earned by Plaintiff as seen in the unemployment compensation return to application by Plaintiff.

Defendant Half Moon Foods, Inc. is liable to Plaintiff for all acts and omissions that constitute negligent hiring and supervision.  Bobby Edwards is the brother of the owner of Half Moon Foods, Inc., Ernest Edwards.  Bobby Edwards was placed as the manager of Half Moon Foods, Inc., d/b/a J&J Cafeteria.  Despite reports by other employees and customers to Ernest Edwards regarding poor management, hostile work environment, and potential or actual abuse, Ernest Edwards failed to supervise and retained his brother, Bobby Edwards, in the face of known harm to others.  See **Degenhart v. Knights of Columbia**, 309 S.C. 114, 420 S.E. 2d 495 (1992); see also, **James v. Kelly Trucking Co.**, 377 S.C. 628, 661 S.E.2d 329 (2008).

Defendants are liable for all acts and facts that constitute intentional infliction of emotional distress under the common law of South Carolina.  See **Hansson v. Scalise Builders of South Carolina**, 374 S.C. 352, 650 S.E.2d 68 (2007).  Defendants' conduct intentionally directed at Plaintiff exceeded all bounds of decent society.  Defendants' conduct proximately caused severe emotional distress wherein Plaintiff has been diagnosed with post-traumatic distress syndrome due to the racially motivated abuse.

Defendants are liable for all acts and facts that constitute conversion under the common law of South Carolina.  See **Moseley v. Oswald**, 376 S.C. 251, 656 S.E.2d 380 (2008); see **Causey v. Blanton**, 281 S.C. 163, 314 S.E.2d 346 (Ct. App. 1984); S.C. Code Ann. § 36-3-420 (Supp. 2010).  Defendants converted wages that were supposed to be paid to Plaintiff for Defendants own use against the ownership interests of Plaintiff.  Defendants converted negotiable instruments, paychecks, and other monies that were to be paid, possessed and owned by Plaintiff.

Defendants are liable for all acts and facts that constitute fraud and misrepresentation under the common law of South Carolina. Defendants knowingly, materially, and falsely represented to Plaintiff that Defendants maintained wages paid for the benefit of Plaintiff in an account for Plaintiff whereas Defendants actually took Plaintiff's wages for their own benefit and use. Defendants did not maintain any account for the benefit of Plaintiff. Plaintiff does not have possession or control of the money taken by fraud. See M.B. Kahn Construction Co. v. South Carolina National Bank of Charleston, 275 S.C. 381, 271 S.E.2d 414 (1980).

Defendant is liable for assault and battery of Plaintiff, as he actually inflicted, attempted or offered with force and violence to inflict bodily harm on Plaintiff by his conduct of repeated use of a belt, hot tongs, or other method of whipping Plaintiff. Defendant's conduct placed Plaintiff in actual and reasonable apprehension of bodily harm. As a direct and proximate result of Defendant's assault and battery of Plaintiff, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to actual and punitive damages. See Gathers v. Harris Teeter Supermkt., Inc., 282 S.C.222, 317 S.E.2d 748 (Ct. App. 1984); Doe v. United States, 618 F.Supp. 503 (D.S.C. 1984).

Defendant is also liable for false imprisonment of Plaintiff, as his conduct of holding Plaintiff in the back rooms of J&J Cafeteria against his will and under threat of violence or actual violence deprived Plaintiff of his liberty without justification. Defendant intentionally restrained Plaintiff, and there was no lawful basis for Defendant's restraint and imprisonment of Plaintiff. As a direct and proximate result of Defendant's false imprisonment of Plaintiff, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to actual and punitive damages. See

**Thomas v. Colonial Stores**, 236 S.C. 95, 113 S.E.2d 337 (1960); and see **Jones v. Winn-Dixie Greenville, Inc.**, 318 S.C. 171, 456 S.E.2d 429 (Ct. App. 1995).

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    (b) Completion of discovery.

**RESPONSE: The Parties have submitted a Proposed Amended Scheduling Order, which proposes deadlines for litigation activities through the date of trial, including dates for the disclosure of experts and the completion of discovery.**

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**RESPONSE: None known at this time.**

(7) The Parties shall provide any additional information requested in the Pre-scheduling order or otherwise requested by the assigned judge.

**RESPONSE: None known at this time. The Rule 26(f) report and Proposed Amended Scheduling Order will be submitted to the Court by the Parties by the January 27, 2016 deadline.**

Respectfully Submitted,

**McLeod Law Group, LLC**
3 Morris Street (29403)
PO Box 21624
Charleston, South Carolina 29413
P: 843-277-6655 F: 843-277-6660

/s/ W. Mullins McLeod, Jr.
W. Mullins McLeod, Jr.
Fed ID No.: 7142
Michael Thomas Cooper
Fed ID No.:12198
D. Ellis Roberts
Fed ID No. 11467


**DAVID AYLOR LAW OFFICES**
24 Broad Street
Charleston, SC 29401

/s/ David Aylor
David Aylor,
Fed ID No.: 10343


Attorneys for the Plaintiff

March 4, 2016.
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| John Christopher Smith, ) | C/A No.: 4:15-cv-04612-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| **)** | |
| ) | |
| Ernest J. Edwards, individually, ) | |
| Bobby Paul Edwards, individually, and ) | |
| Half Moon Foods, Inc., d/b/a J&J Cafeteria, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    The undersigned hereby certifies that a true copy of the Plaintiff's Rule 26(F) Report Pursuant To Local Rule 26.03 been sent to all counsel of record via ECF:

Gene M. Connell, Jr.
Kelaher, Connell & Connor, PC
PO Drawer 14547
Surfside Beach, SC 29587

                                           **McLeod Law Group, LLC**
                                           3 Morris Street (29403)
                                           PO Box 21624
                                           Charleston, South Carolina 29413
                                           P: 843-277-6655 F: 843-277-6660

                                           <u>/s/ W. Mullins McLeod, Jr.</u>
                                           W. Mullins McLeod, Jr.
                                           Fed ID No.: 7142
                                           Michael Thomas Cooper
                                           Fed ID No.:12198
                                           D. Ellis Roberts
                                           Fed ID No. 11467

**DAVID AYLOR LAW OFFICES**
24 Broad Street
Charleston, SC 29401

/s/ David Aylor
David Aylor,
Fed ID No.: 10343


Attorneys for the Plaintiff

March 4, 2016
Charleston, South Carolina